AZEMA DUPLANTIER, Tutrix of her Minor Children *v.* FRANÇIS D. NEWCOMB and another.

The defendant purchased from the plaintiff a tract of land and certain shares of bank stock. The land, and a number of slaves on it belonging to the plaintiff, were mortgaged to secure the payment of the stock, on which the latter had obtained a loan from the bank. Defendant agreed, as the price of the property, in addition to the payment of a certain sum, to assume the payment of the loan obtained by the plaintiff, and to release the mortgage of the bank on plaintiff's slaves. In an action by plaintiff on notes given for a part of the price, defendant claimed a diminution of the price, on account of a deficiency in the quantity of land sold of more than a twentieth. *Held,* that if the bank stock was of any value to the defendant, its value should be deducted from the whole price before proceeding to fix the ratio of diminution, and that the value to the plaintiff of the release of the mortgage, if capable of being estimated, should be added to the price ; that the burden of proving the value of the stock to the defendant, was on the plaintiff ; and that the proof of the value to the plaintiff of the release of the mortgage, was on the defendant.

APPEAL from the District Court of East Baton Rouge, *Johnson, J.*

GARLAND, J.   This suit is brought to recover the amount of two promissory notes, each for the sum of $1608 33, with interest at ten per cent per annum against the drawer, and five per cent per annum against the endorser, from the 4th of December, 1837, on one note, and from the 4th day of December, 1838, on the other.   The notes are drawn by Newcomb and endorsed by Harney, and are secured by a mortgage on a tract of land and certain slaves, which mortgage is prayed to be made executory.

The defence is, that the notes were given to secure a part of the price of a tract of land situated in East Baton Rouge, which was sold at the probate sale of the late Guy Duplantier, deceased, in December, 1835, and purchased by the defendant Newcomb.   The land was sold as two connected tracts, one having six *arpents* front on the river Mississippi, by a depth of forty *arpents*, and the other a tract of an irregular form in the rear, represented as containing six hundred and twenty-four superficial *arpents*; the whole making eight hundred and sixty-four superficial *arpents*.   The answer then proceeds to allege that the said Guy Duplantier never had, and that his legal representatives could not sell that quantity of land.   That there is a deficiency in the quantity of more than one-twentieth, to wit, of more than one hundred *arpents* ; wherefore the defendants pray for a diminution in the price, in the ratio of the price given, which they say amounts to a large sum, which they are entitled to have deducted from the amount of the notes sued on.

The deficiency complained of is in the rear tract, and is very clearly made out by the testimony.   The court ordered a survey to be made, and instead of six hundred and twenty-four *arpents* of land, only five hundred and eighteen and fifty-one hundredths *arpents* were found.   There is also other evidence in the record, showing the deficiency in the quantity.   The witnesses state that the lines of the rear tract of land are very distinctly marked. A connected plat of this tract and several others adjoining and near to it, made by André Lesage, former parish surveyor, was given in evidence, which also shows a diminution in the quanti-

ty of the land. On it the tract is represented as containing five hundred and eleven and ninety-one hundredths *arpents*, which is less than the present parish surveyor makes the quantity to be.

With the tract of land Newcomb also purchased two hundred and twenty-five shares of stock in the Union Bank of Louisiana, which subjected the whole tract of land, with a number of slaves on it, to a mortgage of $22,500, to secure the payment of the stock, and on which Duplantier had obtained a loan of $10,125, payable in twenty annual installments. This loan which Newcomb assumed to pay, and the $4825, payable in three installments, and an agreement to release the mortgage to the bank on the slaves belonging to Duplantier, made up the price of the land and stock. There is no evidence before us what was the value of the bank stock at the time of the sale to the defendant Newcomb, nor how much the plaintiff was bene-fitted by the release of the mortgage on the slaves.

The court below decided that because the defendant did not prove what was the value of the bank stock at the time of the sale, no deduction should be made for the diminution in the quantity of land, and gave judgment against the defendants *in solido*, from which Newcomb only has appealed.

As to the defendant Newcomb being entitled to a diminution of the price of the land in consequence of a deficiency in the quantity, we have no doubt; but what the standard of reduction shall be, the record does not enable us to determine. The things sold were a number of *arpents* of land, and two hundred and twenty-five shares of Union Bank stock. The price was the assumption of a debt to the bank for $10,125, the sum of $4825 payable at a future period; and the obligation of releasing a mortgage on a number of slaves in the possession of the plain-tiff, which was done. The bank stock and loan operated as a mortgage on the land; and, as a general rule, this is not consi-dered of any advantage, but rather an onerous obligation, and the release of the mortgage on the slaves in the plaintiff's pos-session would also be considered, *prima facie*, as a benefit; but it may be that the bank stock was of some value to the defen-dant Newcomb, and worth something independently of the land. If so, that much should be deducted from the whole price, before

proceeding to fix the ratio of diminution. On the other hand, if the release of the mortgage on the slaves, has been a benefit to the plaintiff, then the value of such release, if it can be estimated, should be added to the price, and in a measure offset the value of the bank stock.

Some discussion took place as to the party upon whom the burden was thrown of proving these matters. The judge below thought it devolved on the appellant entirely. In this he was not entirely correct. We think it devolves on the plaintiff to show of what value the stock was to the defendant Newcomb, independently of the land ; and on the appellant, to show of what value the release of the mortgage on the slaves was to the plaintiff. To effect this, and thus ascertain accurately from what sum the diminution of price is to be made, it becomes necessary to remand the cause to obtain further evidence.

The defendant, Newcomb, complains that there has been an erroneous allowance of interest, and that a sum of one hundred and twenty-five dollars, endorsed as a credit on one of the notes has not been deducted in the judgment. This is not a matter of much consequence, as the cause must go to the court below again. and the errors, if there be any, can be corrected.

In the argument before this court, the counsel for the defence has urged that Harney, the endorser of the notes, has been discharged from all liability as such, in consequence of Madam Duplantier having postponed, in favor of the Union Bank of Louisiana, the mortgage in favor of the succession of her late husband, to secure the payment of the notes. The first answer to this point is, that Harney is not before us. It does not appear that he has taken any appeal, and he has not given any bond or security. He is not named as an appellant in the bond signed by Newcomb and his surety. Secondly, admitting that Harney was an appellant, no such defence as that set up for him, is presented by his answer.

It is, therefore, ordered and decreed, that the judgment of the District Court be annulled and reversed, and this case remanded for a new trial, with directions to the court to conform in the trial thereof to the principles herein stated, and otherwise pro-

ceed according to law; the appellee paying the costs of the appeal.

*Brunot,* for the plaintiff.

*T. G. Morgan* and *Avery,* for the appellant.